# Exhibit 1



## 2216-CV06309 - JAMES BROWN V LEES SUMMIT R7 SCHOOL DISTRICT (E-CASE)

| Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |

**Sort Date Entries:** ● Descending  ○ Ascending          **Display Options:** All Entries ⌄

---

**04/21/2022**   **Corporation Served**
Document ID - 22-SMCC-2611; Served To - LEES SUMMIT R7 SCHOOL DISTRICT; Server - BARKER, AUSTIN R; Served Date - 20-APR-22; Served Time - 15:42:00; Service Type - Civil Process Server; Reason Description - Served; Service Text - LEFT WITH LINDA ISMERT/ EXECUTIVE ASST

**04/08/2022**   **Summons Issued-Circuit**
Document ID: 22-SMCC-2611, for LEES SUMMIT R7 SCHOOL DISTRICT.

**04/07/2022**   **Note to Clerk eFiling**
   **Filed By:** SARAH ALDERKS BROWN

   **Summ Req-Circuit Pers Serv**
Request for Summons.
   **Filed By:** SARAH ALDERKS BROWN
   **On Behalf Of:** JAMES BROWN

**03/30/2022**   **Correspondence Sent**

   **Case Mgmt Conf Scheduled**
   Scheduled For: 06/27/2022;  8:45 AM ;  BRYAN E ROUND;  Jackson - Kansas City

**03/08/2022**   **Judge Assigned**

   **Filing Info Sheet eFiling**
   **Filed By:** SARAH ALDERKS BROWN

   **Pet Filed in Circuit Ct**
Petition for Damages; Civil Filing Information Sheet; Exhibit A; Exhibit B.
   **Filed By:** SARAH ALDERKS BROWN
   **On Behalf Of:** JAMES BROWN

---

Electronically Filed - Jackson - Kansas City - March 08, 2022 - 03:40 PM

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**

| | |
|---|---|
| JAMES BROWN, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| vs. | ) |
| | ) Case No. |
| | ) Division |
| LEE'S SUMMIT R7 SCHOOL DISTRICT | ) |
| | ) |
| DEFENDANT. | ) |

## PETITION FOR DAMAGES

COMES NOW Plaintiff, James Brown, and for his causes of action states as follows:

### PRELIMINARY STATEMENT

1.      This is a complaint for declaratory relief, compensatory and actual money damages, statutory damages, and attorneys fees brought against the defendant for conduct violative of the Missouri Human Rights Act, R.S.Mo. 513.010 *et.seq.*, Title VII of the Civil Rights Act of 1964, as amended, and the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981.

### JURISDICTION AND VENUE

2.      Jurisdiction of this action is founded upon R.S.Mo. § 513.010 *et. seq.*, 42 U.S.C. § 2000e et seq.; and 42 U.S.C. § 1981.

3.      Venue is proper in Jackson County, Missouri, because all of the acts and events which are the subject of this action occurred in Jackson County.

4.      Plaintiff first contacted the EEOC on September 20, 2019, and was assigned an inquiry number 563-2019-03158.

5.      Plaintiff filed his first Charge of Discrimination on or about September 10, 2020, alleging race discrimination and age discrimination. A copy of the charge is attached as Exhibit "A" and incorporated herein by reference as part of the continuing action of discriminatory practices.

6.      Plaintiff filed a second Charge of Discrimination on or about July 20, 2021, alleging

race discrimination, age discrimination and retaliation. A copy of the charge is attached as Exhibit "B" and incorporated herein by reference as part of the continuing action of discriminatory practices.

7. On August 2, 2021, Plaintiff requested a Notice of Right to Sue from the EEOC.

8. On or about August 5, 2021, the EEOC forwarded Plaintiff's request for a Right to Sue to the U.S. Department of Justice for action.

9. On February 3, 2022, Plaintiff again requested a Notice of Right to Sue from the EEOC and the MCHR.

1. On March 8, 2022, the U.S. Department of Justice issued a notice of right to sue on both of Plaintiff's Charges of Discrimination.

10. This action has been timely commenced within ninety days of Plaintiff's receipt of the notices of right to sue, and Plaintiff has complied with the necessary administrative prerequisites before filing this action.

## PARTIES

11. Plaintiff, James Brown, is now and was at all times material hereto, over the age of 40 years and an African-American, male citizen of the United States and of the State of Missouri, residing in Kansas City, Jackson County, Missouri.

12. Defendant Lee's Summit R7 School District (hereinafter School District) is and was at all relevant times a Missouri School District that has engaged in interstate commerce, done business in Lee's Summit, Jackson County, Missouri and has been an employer within the meaning of the Missouri Human Rights Act and Title VII.

## BACKGROUND FACTS APPLICABLE TO ALL COUNTS

13. Plaintiff has been employed by the Lee's Summit School District as a bus driver and his current position is Student Safety Specialist. He has also served as the Equity and Diversity

2

representative of the Transportation Department for the Lee's Summit School District for many years.

14.     Plaintiff has all the required qualifications for the work he was performing for Defendant.

15.     Plaintiff has been subjected to a pattern and practice of race discrimination for many years.

16.     He has been subjected to racial harassment on a continuous basis since 2016.

17.     White employees are treated differently than Plaintiff and have created a hostile work environment. Examples of the hostile work environment include, but are not limited to the following:

a.     Not performing work in a professional manner;

b.     Interrupting Plaintiff's work;

c.     Exhibiting conduct that is rude to drivers and workers;

d.     Interfering with Plaintiff's work by flicking lights on and off, playing loud music, and other disruptive conduct.

e.     Making inappropriate and offensive remarks to Plaintiff, such as "how you doing pimp daddy" and calling him "pastor pimp";

f.     Poking Plaintiff with a metal rood; and

g.     Tampering with his desk chair.

18.      Black employees have been referred to as "boy" and "Spanky" which in Plaintiff's presence or as reported to Plaintiff by other black employees, which anyone should know is racially offensive.

3

19.     In December 2018, Plaintiff reported racially offensive remarks to his supervisor, Keith Henry.  These incidents dated back to 2016.

20.     Plaintiff reported racially offensive conduct by a bus driver toward him on April 8, 2019.

21.     Plaintiff made a complaint of race and age discrimination on or about September 7, 2019.

22.     In September 2019, Plaintiff was told the position of student safety supervisor was being eliminated in order to create the position of Assistant Transportation Director. He believes this was done to deny him the opportunity for a promotion due to his race and age.

23.     On February 5, 2020, the district posted the supervisor position in the Transportation Department.

24.     Plaintiff was attending a 3-day training with a diversity group and received a phone call that the position for Student Safety Supervisor had been posted which only allowed him one day to complete his application.

25.     Defendant's management removed essential programs from Plaintiff's work computer, programs that enabled him to quickly find students, schools, bus, times and other important information for him to do his job. This caused him to have to find this relevant information in a different and more time-consuming way.  However, they left these programs on his white co-worker's computer.

26.     Plaintiff made a complaint about this differential treatment in February 2020.

27.     Also in February 2020, Plaintiff's supervisor began pressuring one of his co-workers to file a complaint against him for allegedly threatening her.  She did not do so.

28.     Plaintiff submitted a complaint of race and age discrimination and harassment with documentation to human resources on February 14, 2020 and then filed a grievance on February 20, 2020. He met with Dr. Carlson, the Executive Director of Human Resources on February 24, 2020, wh allegedly was investigating his complaint.

29.     In March 2020, the district selected a less experienced, younger white female employee for the supervisory position that he was qualified for.

30.     On October 29, 2020, two white employees left a stuffed toy rat with a noose around its neck on Plaintiff's desk.  This was extremely offensive to Plaintiff and he reported this to the Director of the Transportation Department, Keith Henry.

31.     When nothing was done by Mr. Henry, Plaintiff filed a grievance with the School District on December 10, 2020.

32.     He also reported this to the EEOC and sent a photo of this noose to the EEOC on December 22, 2020.

33.     After an alleged investigation, the School District's response that there had been "no racial intent," which was ridiculous as the only intent for such a noose is a racially motivated one.

34.     In April 2021, management again removed the transfinder program from Plaintiff's work computer, but not from the work computer of his white co-worker.

35.     Plaintiff complained about this as a continuing pattern of race and age discrimination on May 12, 2021.

36.     When Plaintiff reported the discriminatory treatment and concerns to Bruce Maples, he responded in an angry and threatening tone.

37.     On May 17, 2021, Plaintiff received a "performance awareness notice" from his supervisor which accused him of unsatisfactory performance and/or inappropriate action for not

speaking to the on-duty supervisor to report his absence on May 14, 2021. This disciplinary action

was in retaliation for his complaint of discrimination and harassment made on May 12, 2021.

38.     Plaintiff has made numerous suggestions to improve situations for minority students

over the years.  Management has either disregarded his suggestions or chosen not to promote his

ideas. Management has also directed Plaintiff not to pursue them, but then adopted his ideas or

suggestions as their own.

39.     Plaintiff has been subjected to discriminatory pay in that he is paid at the same rate as

bus drivers even though he is in an administrative position. Younger and white employees are paid

substantially more.

40.     Plaintiff has advocated and spoken up about discriminatory activities perpetrated

against students of color in the district.

41.     Plaintiff has advocated and spoken up about discrimination on behalf of himself and

others who are similarly situated.

42.     Plaintiff's race played a part in Defendants' discriminatory treatment of him.

43.     Plaintiff's age played a part in Defendants' discriminatory treatment of him.

44.     Plaintiff's internal complaints of discrimination and the Charges of Discrimination

filed in September 2020 and July 2021 are protected activity under the law

45.     The discriminatory treatment Plaintiff has experienced since at least 2016 has

continued throughout his employment.

46.     The employment relationship between Plaintiff and Defendant was contractual in

nature and therefore came within the protection of 42 U.S.C. § 1981. Section 1981 prohibits race-

based discrimination in the formation, performance, and termination of contracts.

47.     As a result of the hostile work environment and discriminatory treatment, Plaintiff suffered emotional distress, mental anguish, and pain and suffering.

## COUNT I:  RACE DISCRIMINATION

48.     Plaintiff incorporates by reference all of his allegations previously alleged in this Petition.

49.     Plaintiff's work performance, at all relevant times, was consistent with the defendant's legitimate expectations, and plaintiff had all the required qualifications for the work he was performing and continues to perform for the defendant.

50.     Plaintiff, who is a black male, was and is a member of a protected group.

51.     Defendant treated non-black employees more favorably than Plaintiff.

52.     Plaintiff's race played a part in the unlawful treatment.

53.     Additionally, Defendant engaged in a pattern and practice of treating black employees differently than similarly situated non-black employees in work assignments, evaluations and support.

54.     Other similarly situated white employees of the defendant were not required to work under a racially motivated hostile work environment, or to suffer unfair treatment at work, and said white employees received systematically better treatment than the plaintiff or other minority employees.

55.     The defendant's disparate treatment of the plaintiff was intentional, and constituted discriminatory treatment.

56.     As a direct and proximate result of the racial discriminatory treatment, Plaintiff suffered actual damages including emotional distress, mental anguish, pain and suffering, and lost wages and benefits.

57.     As a direct consequence of said discrimination, Plaintiff is entitled to judgment against Defendant for all actual damages which he has incurred; for lost pay and benefits, past and future; for declaratory relief against Defendant; for attorneys' fees and costs, and for such other relief as the Court deems proper and just under the circumstances.

58.     The actions of Defendants have been willful, wanton and/or malicious for which punitive damages are appropriate.

## COUNT II:  AGE DISCRIMINATION

59.      Plaintiff incorporates by reference all of his allegations previously alleged in this Petition.

60.     Plaintiff's work performance, at all relevant times, was consistent with the defendant's legitimate expectations, and plaintiff had all the required qualifications for the work he was performing and continues to perform for the defendant.

61.     Plaintiff, who an older worker over the age of 40 years, was and is a member of a protected group.

62.     Defendant treated younger employees more favorably than Plaintiff.

63.     Plaintiff's age played a part in the unlawful treatment.

64.     Additionally, Defendant engaged in a pattern and practice of treating younger employees differently than similarly situated older employees in work assignments, evaluations and support.

65.     As a direct and proximate result of the discriminatory treatment based on age, Plaintiff suffered actual damages including emotional distress, mental anguish, pain and suffering, and lost wages and benefits.

66.     As a direct consequence of said discrimination, Plaintiff is entitled to judgment against Defendant for all actual damages which he has incurred; for lost pay and benefits, past and future; for declaratory relief against Defendant; for attorneys' fees and costs, and for such other relief as the Court deems proper and just under the circumstances.

67.     The actions of Defendants have been willful, wanton and/or malicious for which punitive damages are appropriate.

## COUNT III: RACIALLY HOSTILE WORK ENVIRONMENT

68.     Plaintiff incorporates by reference all of his allegations previously alleged in this Petition.

69.     Plaintiff has been subjected to continuing discriminatory harassment because of his race, which was unwelcomed by Plaintiff, and has been subjected to continuing retaliation and retaliatory harassment for reporting the racial discrimination and harassment.

70.     The race-based hostile work environment and harassment was sufficiently pervasive or severe to affect a term, condition or privilege of plaintiff's employment and created an abusive and untenable work environment.

71.     As stated above, during Plaintiff's employment with Defendant, Defendant denied Plaintiff equal rights and benefits as enjoyed by white employees.

72.     Plaintiff has been subjected to disciplinary action as a result of this race and his complaints of discrimination and harassment.

73.     Plaintiff continues to be subjected to discriminatory harassment.

74.     During the course of Plaintiff's employment, Defendant's representatives, acting within the scope and course of employment, engaged in a pattern and practice of racial discrimination and harassment against Plaintiff and other similarly situated employees.

9

75. The continuing series of events carried out by Defendant, as described above, are abusive, discriminatory and harassing.

76. The Defendant's racial discrimination and harassment had the purpose and effect of unreasonably interfering with Plaintiff's work environment.

77. The Defendant's racial discrimination and harassment created an intimidating, hostile and offensive working environment.

78. The conduct as described herein would offend a reasonable person of the same race in Plaintiff's position.

79. Management level employees knew, or should have known, of the racial discrimination and harassment described herein, but failed to take appropriate remedial action.

80. By failing to conduct a prompt, thorough and honest investigation of Plaintiff's allegations and of other witnesses, Defendants exacerbated the racially hostile environment and racial discrimination in Plaintiff's work place.

81. Because of its actions, Defendant deliberately rendered Plaintiff's working conditions intolerable.

82. The harassment and discrimination that Plaintiff experienced at work and that he continues to experience at work is because of, by reason of, or on account of Plaintiff's race, and thus, his race played a part in the discrimination, harassment and retaliation suffered by Plaintiff as alleged herein.

83. As a direct and proximate result of the racial harassment, Plaintiff suffered actual damages including emotional distress, mental anguish, pain and suffering, and loss of enjoyment of life.

84.     As a direct consequence of said harassment, Plaintiff is entitled to judgment against Defendant for all actual damages which he has incurred, past and future; for declaratory relief against defendant; for attorneys' fees and costs; and for such other relief as the Court deems proper and just under the circumstances.

85.     The actions of Defendant have been willful, wanton and/or malicious for which punitive damages are appropriate.

### COUNT IV:  RETALIATION

86.      Plaintiff incorporates by reference all of his allegations previously alleged in this Petition.

87.     Plaintiff's internal complaints concerning the racial discrimination and harassment he was subjected to constituted protected activity.

88.     Plaintiff engaged in protected activity by filing a Charge of Discrimination on two occasions with the EEOC.

89.     After Plaintiff complained about unlawful discrimination and harassment, and as a result of his complaints, Defendant retaliated against Plaintiff by subjecting him to increased scrutiny, disciplinary action, and modifications to his work environment, among other adverse actions as detailed above.

90.     Defendant also subjected Plaintiff to different terms and conditions of employment than white employees.

91.     Plaintiff has been subjected to and continues to be subjected to retaliation in the form of retaliatory harassment as a result of his continuing complaints about the racial discrimination and harassment he suffers at work.

92.     Plaintiff's protected activity through his claim of discrimination played a part in the adverse action he experienced.

93.      As a direct and proximate result of the conduct of Defendants, Plaintiff suffered actual damages including emotional distress, mental anguish, pain and suffering, lost wages and benefits, and loss of enjoyment of life.

94.     As a direct consequence of said discrimination, Plaintiff is entitled to judgment against Defendant for all actual damages which he has incurred; for lost pay and benefits, past and future; for declaratory relief against Defendant; for attorneys' fees and costs, and for such other relief as the Court deems proper and just under the circumstances.

95.     The actions of Defendants have been willful, wanton and/or malicious for which punitive damages are appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this court:

A.     Issue a declaratory judgment that the acts, practices, and procedures of Defendant violated the rights of Plaintiff;

B.     Issue a judgment against Defendant for all the damages which Plaintiff has incurred, including back pay, future pay, lost benefits, and all actual and compensatory damages to which Plaintiff is entitled;

C.     Issue a judgment against Defendant for any punitive and/or statutory damages to which Plaintiff is entitled due to Defendant's intentional violations of Plaintiff's rights;

D.     Award to Plaintiff his reasonable attorneys' fees, costs and expenses;

E.     Award to Plaintiff such other and further relief, including injunctive relief, as may be appropriate.

BROWN & CURRY, L.L.C.

/s/Sarah A. Brown
Sarah A. Brown, #37513
Daniel Curry, #58264
1600 Genessee Street, Suite 956
Kansas City, Missouri 64102
(816)756-5458
(816)666-9596(FAX)
sarah@brownandcurry.com
dan@brownandcurry.com

ATTORNEYS FOR PLAINTIFF

## PLAINTIFF'S DEMAND FOR A JURY TRIAL

Plaintiff demands a trial by jury on all issues.

/s/Sarah A. Brown
ATTORNEY FOR PLAINTIFF

# 2216-CV06309

SIXTEENTH JUDICIAL CIRCUIT COURT OF JACKSON COUNTY

## CIVIL FILING INFORMATION SHEET

❑ at Kansas City ❑ at Independence

file stamp here

CASE #: _____

Electronically Filed - Jackson - Kansas City - March 08, 2022 - 03:40 PM

| PARTY PLAINTIFF/PETITIONER | LEAD ATTORNEY OF RECORD-PLAINTIFF/PRO SE |
|---|---|
| Last Name: Brown | Last Name: Brown |
| First Name: James   Middle Initial: | First Name: Sarah   Middle Initial: A |
| Social Security Number: ▮▮▮▮ | Address: 1600 Genessee St., Ste. 956 |
| Address: 11306 Lewis Ave | City: Kansas City   State: MO   Zip: 64102 |
| City: Kansas City   State: MO   Zip: 64134 | Phone #: 816.756.5458   Fax #: 816.666.9596 |
| Email Address: | MO Bar Number: 37513   E-Mail: sarah@brownandcurry.com |

| PARTY DEFENDANT/RESPONDENT | LEAD ATTORNEY OF RECORD-DEFENDANT *(if known)* |
|---|---|
| Last Name: Lee's Summit R7 School District | Last Name: |
| First Name:   Middle Initial: | First Name:   Middle Initial: |
| Social Security Number: | Address: |
| Address: 500 SE Transport Drive | City:   State:   Zip: |
| City: Lee's Summit   State: MO   Zip: 64081 | MO Bar Number:   E-Mail: |
| Email Address: | |
| **Service Instruction for each defendant listed:** | |
| ☒ Jackson County: | |
| ❑ Out of County--Provide info below ❑ Private Process | |
| Sheriff Name/Address: | |

## CIRCUIT CIVIL CASE INFORMATION

| | |
|---|---|
| Case Type Description: Employment | **Case Track:** |
| Case Type Code: TJ | ❑ Expedited: (Out of state witness, injunction, TRO, extraordinary remedy, replevins, etc.) |
| *Court Rule 3.1.4-Case Type Code--See Civil Case Codes on Reverse and under the forms section of the Court's website at www.16thcircuit.org* | ☒ Standard |
| | ❑ Complex: (Asbestos, tobacco, or other cases that will likely take more than 2 weeks to try) |

## OTHER IMPORTANT INFORMATION

■ Review Division-Specific Information on the Court's website to understand the requirements in processing your case--**www.16thcircuit.org**

■ <u>Court Rule 4.2</u> requires that this form must be **complete** and include a **filing deposit** or your petition will not be accepted for filing

■ <u>Court Rule 3.5 Designated Lead Attorney</u> requires that each party is responsible for keeping the designated lead attorney information current

■ <u>Court Rule 21.9 Attorney Change of Address/Facsimile</u> requires each attorney to keep their address, etc. up dated with the Court Administrator's office.

Date: _____   Attorney/Pro Se Signature: _____

Form 4

CIRCT A1253   8/18/09

CONFIDENTIAL DOCUMENT
DO NOT KEEP IN COURT FILE

Electronically Filed - Jackson - Kansas City - March 08, 2022 - 03:40 PM

Received ~~EEOC~~ ~~9/10/2020~~   **2216-CV06309**

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| | | |
|---|---|---|
| | ☐ FEPA | |
| | ☒ EEOC | **563-2019-03158** |

| **Missouri Commission On Human Rights** | and EEOC |
|---|---|
| State or local Agency, if any | |

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(incl. Area Code)* | Date of Birth |
|---|---|---|
| **Mr. James H. Brown** | **(816) 256-5451** | **1952** |

| Street Address | City, State and ZIP Code |
|---|---|
| **11306 Lewis Avenue, Kansas City, MO 64134** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| **LEE'S SUMMIT R-7 SCHOOL DISTRICT** | **201 - 500** | |

| Street Address | City, State and ZIP Code |
|---|---|
| **500 Transport Drive, Lee'S Summit, MO 64081** | |

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

| DISCRIMINATION BASED ON *(Check appropriate box(es).)* | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| | Earliest / Latest |

☒ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN  
☐ RETALIATION  ☒ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION  
☐ OTHER *(Specify)*

Earliest: **02-01-2020**   Latest: **03-09-2020**

☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I am employed by the above named employer. My current position held is Student Safety Specialist.

In or about February 2020, I applied for the Student Safety Supervisor position. I am highly qualified for the position. On or about March 9, 2020, a younger, non-Black employee was selected for the position. She told me and my coworker that she looked forward to us training her in Student Management. I was not provided Transfinder on my computer despite requesting it. Management has consisted of primarily and/ or all White employees.

I believe I have been discriminated against because of my race, Black, and age, 67, in violation of Title VII of the Civil Rights Act of 1964, as amended, and the Age Discrimination in Employment Act of 1967.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| x 9-10-2020   x *James Brown* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |
| Date   Charging Party Signature | |

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act. See enclosed Privacy Act
Statement and other information before completing this form.

**2216-CV06309**

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | Rcvd EEOC 07/20/2021 |
| ☒ EEOC | 563-2021-02318 |

Electronically Filed - Jackson - Kansas City - March 08, 2022 - 03:40 PM

Missouri Commission on Human Rights and EEOC

*State or local Agency, if any*

| Name *(Indicate Mr., Ms., Mrs.)* | Date of Birth |
|---|---|
| Mr. James H. Brown | 1952 |

| Street Address | City, State and ZIP Code |
|---|---|
| 11306 Lewis Avenue, Kansas City, MO 64134 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two are named, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. with Area Code |
|---|---|---|
| Lee's Summit R-7 School District | 201-500 | 816-986-4287 |

| Street Address | City, State and ZIP Code |
|---|---|
| 500 SE Transport Drive, Lee's Summit, MO 64081 | |

| Name | No. Employees, Members | Phone No. with Area Code |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

| | | |
|---|---|---|
| ☒ RACE | ☐ COLOR | ☐ SEX | ☐ RELIGION | ☐ NATIONAL ORIGIN |
| ☒ RETALIATION | ☒ AGE | ☐ DISABILITY | ☐ OTHER *(Specify below)* | |

DATE(S) DISCRIMINATION TOOK PLACE

| Earliest | Latest |
|---|---|
| 2016 | July 2021 |

☒ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

See attached statement

| | |
|---|---|
| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State or Local Agency Requirements* |
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE 09/19/21<br>*(month, day, year)* |

7/19/21 — Date — *James Brown, Charging Party Signature*

SARAH WILLIAMS
Notary Public
Commission # 17050729
Jackson County
STATE OF MISSOURI
Commission Expires

Expires 09/18/21

James Brown – Statement of Particulars

I am employed by the above-named employer. My current position is Student Safety Specialist. I have served as the Equity and Diversity representative of the Transportation Department for the Lee's Summit School District for many years.

I first contacted the EEOC on September 20, 2019, and was assigned an inquiry number 563-2019-03158. In this questionnaire, I documented that on September 13, 2019 I was denied a promotion due to race and age discrimination. I then contacted the EEOC again in May 2020 because I was passed over for a promotion again in March 2020. I filed a Charge of Discrimination on September 10, 2020, Charge No. 563-2019-03158, which I incorporate by reference as part of the continuing action of discriminatory practices. I have provided additional documentation of discriminatory harassment and treatment to the EEOC since September 2020.

I have been subjected to a pattern and practice of race discrimination for many years. I have been subjected to racial harassment on a continuous basis since 2016. White employees are treated differently than me and have created a hostile work environment for me. They do not perform work in a professional manner, interrupt my work, are rude to drivers and workers, interfere with my work by flicking lights on and off, play loud music, and other disruptive conduct. They have made inappropriate and disruptive remarks to me, such as "how you doing pimp daddy" and calling me "pastor pimp." Black employees have been referred to as "boy" and "Spanky" which anyone should know is racially offensive. I have been poked with a metal rood and had my desk chair tampered with.

In December 2018, I reported racially offensive remarks to my supervisor, Keith Henry. These incidents date back to 2016. I reported racially offensive conduct by a bus driver toward me on April 8, 2019. I made a complaint of race and age discrimination on or about September 7, 2019.

In September 2019, I was told the position of student safety supervisor was being eliminated in order to create the position of Assistant Transportation Director. I believe this was done to keep me from applying for the supervisor position. Then on February 5, 2020, the district posted the supervisor position. I was on leave at that time, but learned about the posting and applied.

Management removed programs from my work computer from which I could quickly find students, schools, bus, times and other important information for me to do my job. They left these programs on my white co-worker's computer. This caused me to have to find this relevant information in a different and more time-consuming way. I made a complaint about this in February 2020.

In February 2020, I learned that my supervisor was pressuring one of my co-workers to file charges against me for allegedly threatening her. She did not do so.

I submitted a complaint of race and age discrimination and harassment with documentation to human resources on February 14, 2020 and then filed a grievance on February 20, 2020. I met with Dr. Carlson, the Executive Director of Human Resources on February 24, 2020. The school district's alleged investigation was inadequate.

On October 29, 2020, two white employees left a stuffed toy rat with a noose around its neck on my desk. This was extremely offensive. I reported this to Keith Henry and when nothing was

Electronically Filed - Jackson - Kansas City - March 08, 2022 - 03:40 PM

Electronically Filed - Jackson - Kansas City - March 08, 2022 - 03:40 PM

done, I filed a grievance on December 10, 2020. I also reported this to the EEOC and sent a photo of this noose to the EEOC on December 22, 2020. The district response that there was no racial intent is ridiculous as the only intent for such a noose is a racially motivated one.

In April 2021, management again removed the transfinder program from my work computer. I complained about this as a continuing pattern of race and age discrimination on May 12, 2021. When I reported the discriminatory treatment and concerns to Bruce Maples, he responded in an angry and threatening tone.

On May 17, 2021, I was handed a "performance awareness notice" from my direct supervisor which accused me of unsatisfactory performance and/or inappropriate action for not speaking to the on-duty supervisor to report my absence on May 14, 2021. I had always been instructed to call dispatch and let them know if I was going to be absent. This disciplinary action was in retaliation for my complaint of discrimination and harassment made on May 12, 2021.

The school district has repeatedly discriminated against me on account of my race and/or age in hiring and promotion decisions. The district has hired white supervisors for positions that I was qualified for.

I have made numerous suggestions to improve situations for minority students over the years. Management has either disregarded my suggestions or chosen not to promote my ideas. Management has also directed me not to pursue them but then adopted my ideas or suggestions as their own.

I have been subjected to discriminatory pay. I am paid at the same rate as bus drivers even though I am in an administrative position. Younger and white employees are paid substantially more.

I have advocated and spoken up about discriminatory activities perpetrated against student of color in the district.

I believe I have been subjected to discrimination and harassment based on my race and my age in violation of the law. I believe I have been subjected to retaliation as a result of my protected complaints about discrimination and unequal treatment. I make this charge of discrimination on behalf of myself and others who are similarly situated.


James H. Brown

July 19, 2021.

# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI

☒ AT KANSAS CITY ☐ AT INDEPENDENCE

**RE**: **JAMES BROWN V LEES SUMMIT R7 SCHOOL DISTRICT**
**CASE NO:** **2216-CV06309**

**TO:** **SARAH ALDERKS BROWN**
**BROWN & CURRY, LLC**
**406 WEST 34TH STREET**
**SUITE 810**
**KANSAS CITY, MO 64111**

We have received pleadings, which you submitted for filing in the case and they have been file-stamped on
____3/8/2022____. However, your pleading cannot be processed further until the following action is taken:

**RULE 3.2 - STYLE**
☒ Additional service instructions are needed.
☐ Incorrect case number/filed in wrong county.
☐ Document is unreadable.

**RULE 4.2 (2)**
☐ Need Circuit Court Form 4

**RULE 5.6 – COLLECTIONS OF DEPOSIT**
☐ No fee, or incorrect fee, received; fee required is $_____.
☐ Insufficient Filing Fee; Please Remit $_____
☐ No signature on check/form 1695.
☐ No request to proceed in forma pauperis.
☐ No personal checks accepted.

**RULE 68.1**
☐ Need Circuit Court Form 17

**RULE 68.7 – VITAL STATISTICS REPORT**
☐ Need Certificate of dissolution of marriage form.

**RULE 74.14 SUPREME CT – FOREIGN JUDGMENT**
☐ Authentication of foreign judgment required.
☐ Affidavit pursuant to Supreme Court Rule 74.14

**RULE 54.12 SERVICE IN REM OR QUASI IN REM ACTIONS**
☐ Affidavit for Service by Publication required pursuant to Supreme Court Rule 54.12c.
☐ Order for Service by Publication required pursuant to Supreme Court Rule 54.12c.
☐ Notice for Service by Publication required pursuant to Supreme Court Rule 54.12c.
☐ Affidavit for Service by Certified/Registered Mail pursuant to Supreme Court Rule 54.12b.

☒ **OTHER: Questions, call 881-3905.**
☒ Please take the actions necessary to comply with the Circuit Court Rules and your request will be processed.
☐ The private process server listed is not on our approved list.
☐ Execution in effect. Return date _____. Request may be resubmitted within one week prior to return date.
☐ Supreme Court Rule 90.13 requires interrogatories be served with summons of garnishment.

**If the filing was a new case, please be advised that unless the additional information marked is received within 30 days of the date of this notice this case will be dismissed pursuant to Rule 37.4 for failure to prosecute without prejudice, at the Plaintiff's cost. Collection efforts will be pursued for these costs.**

**Please refer to the Court's website at www.16thcircuit.org for Court Rules or Forms.**

Copies electronic noticed, faxed, emailed and/or mailed MARCH 30, 2022 to:

COURT ADMINISTRATOR'S OFFICE
**DEPARTMENT OF CIVIL RECORDS**
CIRCUIT COURT OF JACKSON COUNTY, MISSOURI

_____MARCH 30, 2022_____       By _____*Shirley Wigfull*_____
Date                                                 Deputy Court Administrator
                                                        ☒ 415 East 12th St., Kansas City, Missouri 64106
                                                        ☐ 308 W. Kansas, Independence, Missouri 64050

# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT KANSAS CITY

JAMES BROWN,

|                          |                          |
|--------------------------|--------------------------|
| **PLAINTIFF(S),**        | **CASE NO.** 2216-CV06309 |
| **VS.**                  | **DIVISION 8**            |

LEES SUMMIT R7 SCHOOL DISTRICT,

### DEFENDANT(S).

## NOTICE OF CASE MANAGEMENT CONFERENCE FOR CIVIL CASE
## AND ORDER FOR MEDIATION

---

NOTICE IS HEREBY GIVEN that a Case Management Conference will be held with the Honorable BRYAN E ROUND on 27-JUN-2022 in DIVISION 8 at 08:45 AM. All Applications for Continuance of a Case Management Conference should be filed on or before Wednesday of the week prior to the case management setting. Applications for Continuance of a Case Management Conference shall comply with Supreme Court Rule and 16th Cir. R. 34.1. Continuance of a Case Management Conference will only be granted for good cause shown because it is the desire of the Court to meet with counsel and parties in all cases within the first 4 months that a case has been on file. All counsel and parties are directed to check Case.NET on the 16th Judicial Circuit web site at www.16thcircuit.org after filing an application for continuance to determine whether or not it has been granted.

A lead attorney of record must be designated for each party as required by Local Rule 3.5.1. A separate pleading designating the lead attorney of record shall be filed by each party as described in Local Rule 3.5.2. The parties are advised that if they do not file a separate pleading designating lead counsel, even in situations where there is only one attorney representing the party, JIS will not be updated by civil records department, and copies of orders will be sent to the address currently shown in JIS. Civil Records does not update attorney information from answers or other pleadings. The Designation of Lead Attorney pleading shall contain the name of lead counsel, firm name, mailing address, phone number, FAX number and E-mail address of the attorney who is lead counsel.

At the Case Management Conference, counsel should be prepared to address at least the following:

a. A trial setting;

b. Expert Witness Disclosure Cutoff Date;

c. A schedule for the orderly preparation of the case for trial;

d. Any issues which require input or action by the Court;

e. The status of settlement negotiations.

## MEDIATION

The parties are ordered to participate in mediation pursuant to Supreme Court Rule 17. Mediation shall be completed within 10 months after the date the case if filed for complex cases, and 6 months after the date the case is filed for other circuit cases, unless otherwise ordered by the Court. Each party shall personally appear at the mediation and participate in the process. In the event a party does not have the authority to enter into a settlement, then a representative of the entity that does have actual authority to enter into a settlement on behalf of the party shall also personally attend the mediations with the party.

The parties shall confer and select a mutually agreeable person to act as mediator in this case. If the parties are unable to agree on a mediator the court will appoint a mediator at the Case Management Conference.

Each party shall pay their respective pro-rata cost of the mediation directly to the mediator.

## POLICIES/PROCEDURES

Please refer to the Court's web page www.16thcircuit.org for division policies and procedural information listed by each judge.

**/S/ BRYAN E ROUND**
BRYAN E ROUND, **Circuit Judge**

## Certificate of Service

This is to certify that a copy of the foregoing was mailed postage pre-paid or hand delivered to the plaintiff with the delivery of the file-stamped copy of the petition. It is further certified that a copy of the foregoing will be served with the summons on each defendant named in this action.

Attorney for Plaintiff(s):
SARAH ALDERKS BROWN, BROWN & CURRY, LLC, 406 WEST 34TH STREET, SUITE 810, KANSAS CITY, MO 64111

Defendant(s):
LEES SUMMIT R7 SCHOOL DISTRICT

Dated: 08-APR-2022

MARY A. MARQUEZ
Court Administrator

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI

JAMES BROWN,                     )
                                     )

         PLAINTIFF,          )
                                     )

vs.                               )
                                   )   Case No.  2216-CV06309
                                   )

LEE'S SUMMIT R7 SCHOOL DISTRICT  )
                                   )

         DEFENDANT.      )

### SUMMONS REQUESTED

COMES NOW Plaintiff James Brown, by and through counsel, and hereby requests the Clerk of this Court to issue a Summons for service by Civil Process upon Defendant Lee's Summit R7 School District.

Plaintiff requests that Jackson County issue Defendant's Summons to Jackson County Sheriff/Department of Civil Process.  The Department of Civil Process will serve the Summons upon Superintendent Dr. David Buck c/o Lee's Summit R7 School District at 301 NE Tudor Rd, Lee's Summit, MO 64086.

Plaintiff's Petition was filed on March 08, 2022.  Personal service has not been obtained on Lee's Summit R7 School District at this time.

                               Respectfully submitted,

                               */s/ Sarah A. Brown*
                               Sarah A. Brown, Mo. Bar #37513
                               Brown & Curry, LLC
                               1600 Genessee St., Ste 956
                               Kansas City, MO 64102
                               Telephone: (816) 756-5458
                               Fax: (816) 666-9596
                               sarah@brownandcurry.com
                               ATTORNEY FOR PLANTIFF

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on April 7, 2022, the foregoing document was electronically filed with the clerk of court using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

*/s/ Sarah A. Brown*
ATTORNEY FOR PLAINTIFF

# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>BRYAN E ROUND | **Case Number:  2216-CV06309** |
| Plaintiff/Petitioner:<br>JAMES BROWN | Plaintiff's/Petitioner's Attorney/Address<br>SARAH ALDERKS BROWN<br>BROWN & CURRY, LLC<br>406 WEST 34TH STREET<br>SUITE 810<br>KANSAS CITY, MO  64111 |
| **vs.** | |
| Defendant/Respondent:<br> LEES SUMMIT R7 SCHOOL DISTRICT | Court Address:<br>415 E 12th<br>KANSAS CITY, MO  64106 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:**  LEES SUMMIT R7 SCHOOL DISTRICT
                  **Alias:**

**SERVE:  DR DAVID BUCK**
**C/O LEES SUMMIT R7 SCHOOL DIST**
**301 NE TUDOR RD**
**LEES SUMMIT, MO 64086**

*COURT SEAL OF*

*JACKSON COUNTY*

        **You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

<u>   08-APR-2022   </u>                       _____
      Date                                                  Clerk

Further Information:

## Sheriff's or Server's Return

**Note to serving officer:**  Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by:  (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling place or usual abode of the defendant/respondent with
_____ a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to

_____ (name) _____ (title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____      _____
      Printed Name of Sheriff or Server                       Signature of Sheriff or Server

    *(Seal)*        **Must be sworn before a notary public if not served by an authorized officer:**

                Subscribed and sworn to before me on _____ (date).

                My commission expires: _____    _____
                                      Date                               Notary Public

| | | |
|---|---|---|
| **Sheriff's Fees** | | |
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $_____10.00_____ | |
| Mileage | $_____ | (_____ miles @ $._____ per mile) |
| **Total** | $_____ | |

A copy of the summons and petition must be served on **each** defendant/respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

# SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org  →  Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.


Circuit Court of Jackson County

 

# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>BRYAN E ROUND | Case Number: 2216-CV06309 |
| Plaintiff/Petitioner:<br>JAMES BROWN | Plaintiff's/Petitioner's Attorney/Address<br>SARAH ALDERKS BROWN<br>BROWN & CURRY, LLC<br>406 WEST 34TH STREET<br>SUITE 810<br>KANSAS CITY, MO 64111 |
| Defendant/Respondent:<br>LEES SUMMIT R7 SCHOOL DISTRICT | vs. |
| | Court Address:<br>415 E 12th<br>KANSAS CITY, MO 64106 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: **LEES SUMMIT R7 SCHOOL DISTRICT**
Alias:

SERVE: DR DAVID BUCK
C/O LEES SUMMIT R7 SCHOOL DIST
301 NE TUDOR RD
LEES SUMMIT, MO 64086

*COURT SEAL OF*

*JACKSON COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

08-APR-2022
_____
Date

_____
Clerk

Further Information:
_____

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within 30 days after the date of issue.

## CORPORATION - PERSON IN CHARGE

I certify that I have served the within summons in Jackson County, Missouri, upon the within-named defendant corporation, _Lees Summit R7 School District_, by leaving a copy of the summons and a copy of the petition at the business office of said defendant corporation with _Linda Ismert (Executive Assistant)_, who said he/she was the person in charge thereof.

Place of service: _301 NE Tudor RD Lees Summit MO 64086_
Date of service: _04/21/2022_
Time of service: _1542_

DEPARTMENT OF CIVIL PROCESS
COURT ADMINISTRATOR'S OFFICE
CIRCUIT COURT OF JACKSON COUNTY, MISSOURI

BY _____
DEPUTY

**CIRCT 3033- 12/13**

Sheriff's Deputy Salary
Supplemental Surcharge    $    10.00
Mileage                   $_____ (_____ miles @ $._____ per mile)
Total                     $_____

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (11/2021) SM30 (JAKSMCC) *For Court Use Only:* **Document Id # 22-SMCC-2611** 1 of 1Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo